Gary WOLF *v.* STATE of Arkansas

CA CR 83-173                    664 S.W.2d 882

Court of Appeals of Arkansas
Division II
Opinion delivered February 22, 1984
[Rehearing denied March 21, 1984.]

*Guy Jones, Jr., P.A.*, for appellant.

*Steve Clark*, Atty. Gen., by: *Marci L. Talbot*, Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, the appellant was charged with manufacturing a controlled substance, *i.e.*, marijuana. After a trial by jury, the appellant was convicted and sentenced to four years in the Department of Correction. From that decision, comes this appeal.

For reversal, the appellant argues that the affidavit upon which the search warrant was based was fatally defective, and that there was insufficient evidence presented at his trial concerning control of the premises upon which the marijuana was discovered to support his conviction.

The appellant argues that the affidavit was insufficient to support the issuance of the search warrant in two respects: first, the affidavit of Sheriff Gus Anglin, the Van Buren County Sheriff, failed to establish the reliability of the confidential informant or give sufficient basis for reasonable cause for issuance of the search warrant and second, that the search warrant did not properly describe the property to be searched to such a degree as to give the officers executing the warrant sufficient guidance in reference to what area was to be searched. The affidavit upon which the search warrant was based states:

> The undersigned, being duly sworn, deposes and says: That a confidential informant observed green vegetable matter appearing to be marijuana on the 31st day of August, 1982. He informed me that he discovered the green vegetable matter on property located in the E1/2 SE1/4, Sec. 30, T-12-N, R-14-W, in Van Buren County, Arkansas. This is the same confidential informant who helped us in the case of State versus Howard Broyles.

In prior cases, affidavits supporting search warrants had to pass a two-pronged test adopted by the United States Supreme Court in *Aguilar* v. *Texas*, 378 U.S. 108 (1964); *State* v. *Prue*, 272 Ark. 221, 614 S.W.2d 221, cert. denied, 454 U.S. 863 (1982). The affidavit had to reflect 1) some underlying circumstance showing the reliability of the informant and 2) some underlying circumstance from which the informant concluded that the items to be seized were where he

said they were. However, in *Thompson* v. *State*, 280 Ark. 265, 658 S.W.2d 350 (1983), the Arkansas Supreme Court adopted the test for reviewing the sufficiency of such affidavits that the United States Supreme Court set forth in *Illinois* v. *Gates*, 103 S.Ct. 2317 (1983). Under this new totality of the circumstances test, the magistrate issuing the warrant must make a practical, common sense decision based on all the circumstances set forth in the affidavit. Under this test, "the duty of the reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . concluding' that probable cause existed" to issue the warrant. *Id.* However, conclusory statements in affidavits which give no substantial basis for determining the existence of probable cause will not be accepted. There must still be enough information presented to the magistrate to allow him to determine that there exists probable cause. *Id.*

In the case at bar, the affiant, Sheriff Anglin, stated that a confidential informant, whose reliability had been proven in a previous case, observed plants which he believed were marijuana growing on a particular piece of property in Van Buren County. The Sheriff obtained a correct legal description for the property occupied by the appellant and his girl friend. Based on the test adopted by the Arkansas Supreme Court in *Thompson* v. *State, supra,* as defined in *Gates,* we find the affidavit sufficient to establish probable cause.

Next, the appellant argues that the State failed to prove his ownership or control of the property upon which the contraband was found. The only testimony of the appellant's control over the property or dominion over the area in which the marijuana was found was based on the knowledge of Sheriff Anglin and two deputies executing the warrant. They testified that they were aware that the appellant was renting the property. The Sheriff further testified that he knew many of the county's residents and where they resided. The appellant was one of these persons whom the Sheriff knew to be living in a certain location. When the search warrant was served the appellant was not present, but the woman with whom he was living was present. The tes-

timony shows that there were several trails leading directly from the house out into the outlying acreage where the marijuana was found.

We find substantial evidence to support the jury's determination of the factual issue of control or dominion over the property by the appellant.

Affirmed.

MAYFIELD and CRACRAFT, JJ., agree.