Diana Jean VANDERKAMP and Jan Tina Marie
VANDERKAMP *v.* STATE of Arkansas

CA CR 86-66                                721 S.W.2d 680

Court of Appeals of Arkansas
Division II
Opinion delivered December 23, 1986

362

*James E. Davis*, for appellants.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. ■ Appellants, Diana Jean Vanderkamp and Jan Tina Marie Vanderkamp, were found guilty by a jury of possession of marijuana with intent to deliver. The jury fixed Diana's sentence at one year in the county jail and a $1000.00 fine. Jan Tina's sentence was fixed at 30 days in the county jail and a $500.00 fine. The offenses were alleged to have occurred on January 8, 1985, and were violations of Acts 306 and 417 of 1983. Although, the penalty provided for the violation of these acts would have required imprisonment in the Department of Correction, apparently, the trial judge thought the failure of the acts to expressly state that the offense of possession with intent to deliver was a felony meant that the offense had to be treated as a misdemeanor for punishment purposes. This case was tried on August 15, 1985, and the trial court did not have the benefit of the decision of September 30, 1985, in *Dollar* v. *State*, 287 Ark. 61, 697 S.W.2d 868, holding that the offense involved was a felony

even though not expressly so designated. Even so, the appellants bring this appeal from the judgments assessing the punishment fixed by the jury verdicts.

On appeal, it is contended that the trial court erred (1) in admitting into evidence certain items found as the result of a vehicle search made by the authority of a search warrant issued upon an insufficient affidavit, (2) in overruling the motion for directed verdict made by each appellant, and (3) in refusing to either grant the motion for severance made by each appellant or to exclude certain evidence that did not involve each of them. We find no error and affirm both convictions.

At a hearing on the motions to suppress, it was shown that the warrant to search the vehicle was issued upon the affidavit of Clarence A. Glenn, Jr., who was working with the county sheriff's office as an informant in a drug investigation. The affidavit states Glenn was present at a certain residence in Mena, Arkansas, on January 1 and January 7, 1985; that on the first date, he accompanied Steve Clemmons, a state policeman, to the residence at which Clemmons made a purchase of marijuana from the appellant Diana Vanderkamp; that between midnight of January 7 and 12:30 a.m. of January 8, he was present at the same residence when occupants of the house were intoxicated, apparently on marijuana, and at which time two trash bags filled with some substance were carried from a bedroom of the house to the garage of the house.

The second paragraph of the affidavit states that on January 8, Glenn received information from a confidential informant that the occupants of the house had two large bags of marijuana and were going to remove them before dark. The affidavit states that this "informant has regularly furnished information to the sheriff's office which has proved in other instances to be reliable." It is also stated that late in the day of January 8, Glenn and Tim Shaw, a deputy sheriff, put the house "under surveillance" and later observed an automobile, registered to appellant Diana Vanderkamp, back into the garage and saw the garage door close. About 45 minutes later, the garage door opened and the same car, driven by Diana Vanderkamp, pulled out of the garage. It was stopped after being driven a short distance down the street, and permission to search the vehicle was denied. The affidavit

concludes with the statement that, because of the facts stated, the affiant has ample reason to believe that the vehicle contains controlled substances.

Evidence was introduced to show that the above affidavit was sworn to before a municipal judge who issued the search warrant. The judge also heard testimony which was recorded but the recording had been misplaced or lost and the judge testified he had been unable to find it.

Other evidence heard on the motion to suppress, disclosed that, when the car left the house, Deputy Sheriff Tim Shaw called another deputy sheriff, Jimmy Jacobs; that after Jacobs arrived at the place where Shaw and Glenn had stopped the car, Jacobs arrested the driver; and after she drove it to the police station, the car was impounded and Jacobs drove it to the prosecuting attorney's residence where it was searched the following day after the search warrant had been obtained. The search revealed a large plastic bag containing marijuana in the luggage area of the hatchback vehicle.

It was also stipulated, for purposes of the suppression hearing, that appellant Diana Vanderkamp was the registered owner of the automobile and that appellant Jan Tina Vanderkamp was an occupant of the vehicle at the time it was stopped and Diana was arrested.

Appellants' first point is based upon the contention that the search warrant was issued upon an insufficient affidavit. They cite A.R.Cr.P. Rule 13.1(b), which contains a provision that "If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained." The appellants say that the affidavit here is defective because it failed to state when or how the "confidential informant" learned that the occupants of the house had marijuana they were going to move to another location and because it failed to state any basis, other than mere conclusions, from which the credibility of the inform-ant could be evaluated.

Although we recognize that the affidavit referred to an unnamed informant whose reliability may have been supported

by a conclusory statement, it also contained information obtained by personal observation of the affiant. In *Thompson* v. *State*, 280 Ark. 265, 658 S.W.2d 350 (1983), the Arkansas Supreme Court adopted the "totality of circumstances" test set out by the United States Supreme Court in *Illinois* v. *Gates*, 462 U.S. 213 (1983). As explained by our decision in *Wolf* v. *State*, 10 Ark. App. 379, 381, 664 S.W.2d 882 (1984), under this test the magistrate issuing the warrant must make a practical, commonsense decision based on all the circumstances set forth in the affidavit. It is then the duty of the reviewing court to simply ensure that the magistrate had a substantial basis for concluding that probable cause existed to issue the warrant. However, conclusory statements in affidavits, which give no substantial basis for determining the existence of probable cause, will not be accepted.

In the instant case, the affiant stated that he had been at a house in Mena on January 1, 1985, with a state policeman, at which time Diana Vanderkamp sold the policeman some marijuana. The affidavit also stated that six days later the affiant was again in this same house and the occupants were intoxicated, apparently on marijuana, and that two trash bags of some substance were carried from a bedroom of the house to the garage.

The second paragraph of the affidavit states that the next day, January 8, 1985, the affiant received information from a confidential informant that the occupants of the house were going to remove two large bags of marijuana from the house before dark; that he therefore placed the house under surveillance; that late in the same day, he observed a car registered to and driven by Diana Vanderkamp, back into the garage of the house and about 45 minutes later drive away; and when officers stopped the car, permission to search it was refused.

■■ Probable cause for a search warrant does not require an affiant to assert facts that establish conclusively or beyond a reasonable doubt that a violation of the law exists at the place to be searched. *Flaherty & Whipple* v. *State*, 255 Ark. 187, 500 S.W.2d 87 (1973), *cert. denied*, 415 U.S. 995 (1974).

> Probable cause exists where knowledge of facts or circumstances is imparted to the examining court sufficient to persuade an ordinarily prudent person to actually believe

in good faith, as opposed to mere suspicion, that the facts asserted in the affidavit are true. . . . The judicial determination by the examining court that probable cause exists for the issuance of a search warrant is entitled to considerable deference and weight by a reviewing court.

255 Ark. at 196.

■ Although the affidavit does allege that a confidential informant tipped the affiant that the marijuana was going to be removed from the house, and even assuming that the affiant's statement about the informant's reliability was conclusory, nevertheless, we think the affidavit met the "totality of circumstances" test set out in *Illinois* v. *Gates, supra*, and adopted by the Arkansas appellate courts. There is present in this case, as in *Gates*, strong corroboration of the future actions of third parties as predicted by the informant. Also present in this case, we think, was the "objective good faith reliance," by the law enforcement officers, on the magistrate's acceptance of the affidavit referred to in *Herrington* v. *State*, 287 Ark. 228, 230, 697 S.W.2d 899 (1985), in its discussion of the good faith exception to the exclusionary rule enunciated in *United States* v. *Leon*, 468 U.S. 897 (1984). *See also Toland* v. *State*, 285 Ark. 415, 688 S.W.2d 718 (1985) (applying the good faith exception of *Leon*). We find no error in the trial court's denial of the motions to suppress.

■■ At the conclusion of the evidence presented by the State in the trial of the charges against the appellants, they did not introduce any evidence but moved for directed verdicts. They contend in this appeal that the court erred in refusing to grant their motions. A motion for directed verdict is a challenge to the sufficiency of the evidence, *Glick* v. *State*, 275 Ark. 34, 627 S.W.2d 14 (1982), and, on appeal, we view the motion in the light most favorable to the party the motion is directed against and affirm the jury's conclusion if it is supported by substantial evidence, *Shields* v. *State*, 281 Ark. 420, 664 S.W.2d 866 (1984). Substantial evidence is evidence of sufficient force and character that it will with reasonable and material certainty and precision compel a conclusion one way or another; it must force or induce the mind to pass beyond suspicion or conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980).

■■ The first question on this point is whether there is

substantial evidence to support the jury's verdict finding each appellant guilty of possession of the marijuana in the vehicle *with intent to deliver*. The evidence shows that there was one large plastic bag found in the luggage area of the hatchback vehicle. In the large plastic bag were two paper sacks with several small "ziploc" plastic bags in each paper sack. One sack contained 16 "ziploc" bags, and the other one contained 14 of them. In addition, there were 16 "ziploc" bags loose in the large plastic bag. According to a drug chemist, employed by the Arkansas State Crime Laboratory, the 46 small bags contained a total of almost 36 ounces of marijuana. Under Ark. Stat. Ann. § 82-2617(d) (Supp. 1985), the possession of more than an ounce of marijuana creates a presumption of intent to deliver. The jury was instructed that the amount of marijuana possessed could be considered along with all the other facts and circumstances in determining the purpose or intent for which marijuana is possessed. This has been held to be a proper instruction. *See Brenneman & King* v. *State*, 264 Ark. 460, 471, 573 S.W.2d 47 (1978), *cert. denied*, 442 U.S. 931, (1979).

Appellants argue, however, that there is no substantial evidence to link them with possession of the marijuana. We think the argument with respect to Diana Vanderkamp is clearly without merit. We realize that she was charged and convicted of possessing marijuana on January 8, 1985, with intent to deliver, although her arrest on that day was apparently for activity occurring a few days prior to January 8. But, regardless, there is testimony from two witnesses, Steve Clemmons and Jody Spurling, who made an in-court identification of Diana as the person from whom they purchased marijuana in a house in Mena, Arkansas, within a week prior to January 8, 1985. Clarence Glenn testified that he was in this same house one night between the 4th and 8th of January, 1985, and that Diana and one or two other ladies, and one man, were in the house. He also said that while he was there, the man carried two bags from a bedroom of the house to the garage which was enclosed in the house. Glenn said he did not look into the bags but they had the same appearance of the large plastic bag found in the back of the car Diana later drove away from the house. And in that connection, both Glenn and Deputy Sheriff Tim Shaw testified that on January 8, 1985, they were watching this house when someone

backed a car into the garage and when Diana drove the car out of the garage. Also, there was testimony at the trial that the car was stopped by Glenn and Shaw and later searched by Deputy Sheriff Jimmy Jacobs who found the plastic bag, containing the smaller bags of marijuana, in the luggage area of the car.

We think this testimony is clearly sufficient for the jury to find that Diana was in possession of the marijuana found in the car driven by her. A closer question exists with regard to Tina Vanderkamp. In *Cary* v. *State*, 259 Ark. 510, 534 S.W.2d 230 (1976), the court laid down the following general rules:

> Constructive possession of a controlled substance means knowledge of its presence and control over it. . . . Neither actual physical possession at the time of arrest nor physical presence when the offending substance is found is required. . . .
>
> . . . .
>
> . . . The evidence is sufficient if it is shown, either by direct or circumstantial evidence, that the accused had the right to exercise control over the contraband substance. . . . When the evidence of possession is purely circumstantial, there must be some factor, in addition to joint occupancy of the place where narcotics are found, linking the accused with the narcotic in order to establish joint possession. (Citations of authority omitted.)

259 Ark. at 517-18.

In the above case, three people were living in the same apartment. Heroin was found on a shelf in a bedroom closet, and the appellant's glove was found in the closet. In affirming the appellant's conviction for possession with intent to deliver, the court said it was not necessary that he have exclusive possession of either the apartment or the bedroom closet where the heroin was found; however, when the evidence of possession is purely circumstantial, there must be some factor, in addition to joint occupancy of the place where narcotics are found, linking the accused with the narcotic in order to establish joint possession of the narcotic. The court added:

> The finding of appellant's glove in the closet might not have

been sufficient to furnish this link, but when this factor is coupled with evidence that appellant used heroin from the stock kept on the premises and that sales were made there, and the remarks of appellant . . . after the search, there were sufficient circumstances . . . for the jury to draw the inference that appellant had joint possession of the substance . . . .

259 Ark. at 518.

As to Tina's conviction, we think the instant case sufficiently meets the law and evidence criteria set out in the *Cary* case. On January 8, 1985, she was a passenger in the car in which the marijuana was found. The marijuana was in the luggage area of a hatchback vehicle. There is testimony that this is an area of the car that is enclosed and that it is not locked unless the car doors are locked. From this evidence, the jury could reasonably find that this area was accessible from within the passenger compartment of the vehicle. Found in the large plastic bag in the luggage area, in addition to the 46 smaller bags of marijuana, was a gift-wrapped little box with a tag on it that read "Happy Holidays to Mike from Tina." The automobile had just left the garage of a house where witnesses had purchased marijuana within a week prior to the day the vehicle was stopped by the law enforcement officers. A witness, Clarence Glenn, testified that while he was present in the house on a night within three days of the day the vehicle was stopped, he saw a man carry two plastic bags, similar in appearance to the one found in the vehicle, from a bedroom of the house into the garage. And a witness, Jody Spurling, testified that this was the house in which he and Steve Clemmons purchased marijuana a few days prior to January 8, 1985, and that it was Diana's or Tina's house, although he was not really too sure which one it belonged to. Even if the evidence of possession of the contraband substance is not as strong here as it was in the *Cary* case, we believe it is strong enough, when considered in the light most favorable to the State, for the jury to find that appellant Tina Vanderkamp had joint possession of the marijuana found in the car in which she was riding on January 8, 1985, and therefore to constitute substantial evidence to support the verdict against her.

The last point raised by the appellants is that the court erred

in refusing to sever their trials. The argument made on this point is really on Tina's behalf. Included in the argument is the contention that the court erred in allowing, in Tina's trial, the introduction of the evidence concerning the sale of marijuana made by Diana.

The record clearly establishes that both the appellants were tried on the charge that they possessed marijuana on January 8, 1985, with intent to deliver. The evidence concerning the sale of marijuana in the house in Mena, sometime within a week prior to January 8, 1985, was admissible in the trial of each appellant on the charges of the offense alleged to have been committed on January 8, 1985. The questions of who possessed the marijuana found in the vehicle on January 8, and the purpose or intent with which it was possessed, were issues for the jury to decide. Rule 404(b) of the Arkansas Rules of Evidence, provides that evidence of other crimes may be admissible for purposes such as proof of motive, intent, preparation, plan or knowledge. *See Harper v. State*, 7 Ark. App. 28, 643 S.W.2d 585 (1982); *see, e.g., Lincoln v. State*, 12 Ark. App. 46, 670 S.W.2d 819 (1984). We find no error in allowing the introduction of evidence of the sale of marijuana in the house in Mena during the week preceding January 8, 1985.

Also, we find no error in the trial court's refusal to grant the motion to sever the trials of the appellants. This is a matter within the sound discretion of the trial court. *McDaniel & Gookin v. State*, 278 Ark. 631, 648 S.W.2d 57 (1983). Not only do we find no abuse of discretion in failing to sever the trial, but since the same evidence about the activities in the house during the preceding week would have been admissible in the trial of each appellant, the court should have consolidated the trials. *See Henry v. State*, 278 Ark. 478, 647 S.W.2d 419 (1983), *cert. denied*, 464 U.S. 835 (1983).

Affirmed.

CLONINGER and CORBIN, JJ., agree.