Calvin BRANNON, Jr. *v.* STATE of Arkansas

CA CR 88-91                                761 S.W.2d 947

Court of Appeals of Arkansas
Division I
Opinion delivered December 14, 1988

*John Wesley Hall, Jr.*, and *Craig Lambert*; and *Helen Rice Grinder*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant, Calvin Brannon, Jr., was convicted by a jury of the crime of possession of cocaine with intent to deliver. He was sentenced to serve 12 years in the Arkansas Department of Correction and to pay a fine of $10,000. On appeal, appellant argues the trial court erred in denying his motion to suppress because the reliability of the confidential informant was not established and the good faith exception as set forth in *United States* v. *Leon*, 468 U.S. 897 (1984), does not apply.

On May 1, 1987, a warrant to search the premises known as Trailer #20 of Riverdrive Trailer Park #2 was issued upon the affidavit of Jim King, a criminal investigator with the Arkansas State Police. The warrant also described the trailer and its physical location and stated it was the appellant's trailer.

The affidavit for the warrant stated in pertinent part that:

> On 4/29/87 I received information from a Confidential Informant that a Calvin Brannon who lives in Riverdrive Trailer Park #2 had received a shipment of drugs on or around Wednesday, 4/29/87. The Confidential Informant observed the suspected drugs being removed from the car and carried into the trailer occupied by Calvin Brannon. The Confidential Informant said that there is always a lot of traffic at the trailer upon receiving the drugs. Confidential Informant states that hypodermic syringes that have been used to shoot up are laying in the yard at the trailer. The Confidential Informant stated that grow lights are also being utilized underneath the trailer, to grow marijuana.
>
> On 5/1/87 this Investigator received a call from a Confidential source who stated that they had information that Calvin Brannon and Tina Inu residing at Riverdrive Trailer Park #2 had received a shipment of 4½ pounds of Cocaine on 4/29/87. The Cocaine came in at the Little Rock Airport and was transported to the trailer occupied by Calvin Brannon and Tina Inu, said trailer being trailer No. 20 of Riverdrive Trailer Park #2. The Confidential Informant said that the Cocaine was kept at the trailer and dispensed from that site. The Confidential Informant stated that the Cocaine was kept in a bedroom of the

trailer. The Confidential Informant also said that one of the users would be driving a 1974 red or maroon Pontiac LeMans. This Investigator along with Detective Jerry Bradley went to Riverdrive Trailer Park #2. The trailer is trailer number 20 and is located on the right side of the drive, being the next to the last trailer on that side. The trailer is yellow in color.

On checking with AP&L records it shows the utilities to be in the name of Calvin Brannon at trailer number 20, Riverdrive Trailer Park #2.

On 5/1/87 there were five vehicles at the residence, one being the 1974 Pontiac LeMans, maroon in color, which the Confidential Informant referred to. Also there is a 1957 Chevrolet, tan in color, which this Investigator has personal knowledge belongs to Calvin Brannon. The other vehicles we were unable to identify.

Appellant argues that although the Arkansas Supreme Court has adopted the *Illinois* v. *Gates*, 462 U.S. 213 (1983), "totality of the circumstances" test in reviewing the sufficiency of an affidavit in support of a search warrant, the *Aguilar* v. *Texas*, 378 U.S. 108 (1964), test for evaluating probable cause based on informant hearsay has not been replaced, but is contained in that portion of Ark. R. Crim. P. 13.1(b) which provides as follows:

> If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained.

Appellant argues that no facts are contained in the affidavit made by King that would tend to show the reliability of the informants who provided the information; that none of the information from the first informant was corroborated; that there is no statement about how the informant obtained the alleged information or that the informant had produced information in the past that had resulted in conviction; that unverified anonymous telephone tips do not support or contribute to a probable cause determination; and that there was no corroboration of any incriminating details but only of innocent details. He also contends that the affidavit did

not provide a substantial basis for determining the existence of probable cause; therefore, the good faith exception as set forth in *Leon, supra*, does not apply. Appellant says the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *See Leon*, 468 U.S. at 923.

The Arkansas Supreme Court accepted the "totality of the circumstances" test set out by the United States Supreme Court in *Illinois* v. *Gates, supra*, in the case of *Thompson* v. *State*, 280 Ark. 265, 658 S.W.2d 350 (1983), and pointed out that this "new, more flexible" test would be applied in the future instead of the "two-prong" test of *Aguilar*. As explained by our decision in *Wolf* v. *State*, 10 Ark. App. 379, 664 S.W.2d 882 (1984), under this new test the magistrate issuing the warrant is to make a practical, commonsense decision based upon all the circumstances set forth in the affidavit, and it is the duty of the reviewing court to simply ensure the magistrate had a substantial basis for concluding that probable cause existed to issue the warrant. Moreover, in *Collins* v. *State*, 280 Ark. 453, 658 S.W.2d 877 (1983), the Arkansas Supreme Court stated:

> Recently in *Illinois* v. *Gates*, ___ U.S. ___, 103 S. Ct. 2317 (1983), the United States Supreme Court overruled previous decisions which held warrants obtained on the basis of informants' tips must satisfy a strict "two prong" test. Instead the Court substituted a totality of the circumstances test, the one ordinarily used to determine probable cause in other instances. We have readily accepted the *Gates* decision in *Thompson* v. *State* . . . .

280 Ark. at 455.

Most courts agree there is no substantive distinction between the terms "reasonable cause" and "probable cause." *McGuire* v. *State*, 265 Ark. 621, 580 S.W.2d 198 (1979); *Johnson* v. *State*, 21 Ark. App. 211, 730 S.W.2d 517 (1987). Indeed, Articles III and IV of the Arkansas Rules of Criminal Procedure, which pertain to arrest and search and seizure, use the term "reasonable cause" throughout in preference to "probable cause" because it was felt that the use of the term "probable cause" might imply that the existence of facts must be "more-probable-than-not." See Commentary to Article IV following Ark. R. Crim. P. 10.1. Under Ark. R. Crim. P. 13.1(d)

> If the judicial officer finds . . . there is reasonable cause to believe that the search will discover persons or things specified in the application and subject to seizure, he shall issue a search warrant . . . .

"Reasonable cause to believe" as defined in Rule 10.1(h) "means a basis for belief in the existence of facts which, in view of the circumstances under and purposes for which the standard is applied, is substantial, objective and sufficient to satisfy applicable constitutional requirements."

Here, on the face of the affidavit, it shows that it is based on information provided by two confidential informants. The affidavit states that the first confidential informant told King that appellant had received a shipment of drugs on or around April 29, 1987; that the informant had seen drugs carried into appellant's trailer; and that there was always a lot of traffic at the trailer upon receiving the drugs. The affidavit also states that a second confidential informant told King that appellant had received a shipment of cocaine on April 29, 1987, which was kept in a bedroom of the trailer and dispensed from the trailer, and that one of the users would be driving a red or maroon Pontiac LeMans. The affidavit then states that King verified the information received from the informants as to the residence being that of the appellant, the presence of a maroon 1974 Pontiac LeMans, and the presence of a large number of cars parked at the trailer, one of which he knew belonged to appellant.

This affidavit is not unlike the affidavit upon which a search warrant was issued in *Watson* v. *State*, 291 Ark. 358, 724 S.W.2d 478 (1987). There, a sheriff executed the affidavit based upon information supplied by two informants and confirmed in some regards by the sheriff. In holding the affidavit sufficient under the *Illinois* v. *Gates* test, the court in *Watson* pointed out "the corroborating aspect of two informants verifying the same events." In *Gates* an affidavit was executed by a police detective based upon information contained in an anonymous letter which had been "corroborated in major part" by the detective. The Court said:

> [P]robable cause does not demand the certainty we associate with formal trials. It is enough that there was a fair probability that the writer of the anonymous letter had

obtained his entire story either from the Gateses or someone they trusted. And corroboration of major portions of the letter's predictions provides just this probability. It is apparent, therefore, that the judge issuing the warrant had a "substantial basis for . . . conclud[ing]" that probable cause to search the Gateses' home and car existed.

462 U.S. at 246.

▐ We think the affidavit in the present case contained sufficient corroborating information to support the issuance of the search warrant in question under the *Gates* test, but the appellant argues that information from an informant which is corroborated only by details that do not incriminate the defendant may not be considered in assessing whether probable cause exists. *People* v. *Magana*, 95 Cal. App. 3d 453, 157 Cal. Rptr. 173 (1979), is cited to support that statement. On the other hand, the appellee argues this is not the law and cites *United States* v. *Ellison*, 793 F.2d 942 (8th Cir. 1986), in support of its position. We believe the corroboration in the present case is sufficient under both decisions. *Magana* affirmed convictions and held that an affidavit for search warrant was sufficiently corroborated. The decision was based on the old *Aguilar* v. *Texas* test and states "in order for corroboration to be adequate, it must pertain to defendant's alleged criminal activity." 157 Cal. Rptr. at 179. However, we find the evidence in the present case sufficient under *Magana*, and it is certainly sufficient under *Ellison* which said that "considerable deference is owed to a magistrate's determination of probable cause." 793 F.2d at 946. Both informants stated that appellant lived at the trailer where a quantity of drugs had been received on or around 4/29/87; the first informant stated that when drugs were present a large number of cars would be there; and the second informant said one of the users would be driving a Pontiac LeMans. Thus, each informant corroborated the other and when Officer King attempted to verify this information, some of it checked out. We think it is reasonable to believe the remaining unverified information is also true. *See Draper* v. *United States*, 358 U.S. 307, 313 (1959). Therefore, the affidavit provided reasonable cause, pursuant to Ark. R. Crim. P. 13.1(d), for the judicial officer to believe the search would discover the drugs specified in the allegation, in keeping with the totality of the circumstances test set out in *Gates*.

We also find that this case should be affirmed under the good faith exception as set out in *United States* v. *Leon*, 468 U.S. 897 (1984). In *Jackson* v. *State*, 291 Ark. 98, 722 S.W.2d 831 (1987), the court said that the good faith exception to the exclusionary rule enunciated in *Leon* was adopted in *McFarland* v. *State*, 284 Ark. 533, 684 S.W.2d 233 (1985). The opinion in *Jackson* said: "*Leon* holds that objective good faith reliance by a police officer on a facially valid search warrant will avoid the application of the exclusionary rule in the event the magistrate's assessment of probable cause is found to be in error." 291 Ark. at 100. In *Jackson*, the good faith exception was applied to an affidavit which did not provide the issuing magistrate any particular facts bearing on a confidential informant's reliability as required by Ark. R. Crim. P. 13.1(b). On that issue, the affidavit provided only the conclusory language "reliable informant." The Arkansas Supreme Court noted there was an affidavit in support of the warrant and applied the good faith exception stating: "The officer who executed the warrant did act in good faith, in this case, and we apply the exception." 291 Ark. at 102.

In the present case, Officer King did not attempt to search the appellant's residence without a warrant and did not act solely upon the first tip, but waited until after he received a second tip and had made an attempt to verify the information received before seeking the warrant. Furthermore, King testified he had personal knowledge of the appellant's background; that the second informant was identified; and that King had provided the judge who issued the warrant with the name of that informant, although this was not testimony recorded or contained in King's affidavit. King had other knowledge bearing on this case and testified at the suppression hearing that he felt the confidential information furnished him was good due to the history of appellant and the information received. Under the circumstances, the trial court could find that the officers who executed the warrant did so in good faith, and that the *Leon* exception applied.

For the reasons discussed, we find the trial court did not err in denying appellant's motion to suppress.

Affirmed.

CORBIN, C.J., and COOPER, J., agree.