Jeffrey David HAWK *v.* STATE of Arkansas

CA CR 91-102                         826 S.W.2d 824

Court of Appeals of Arkansas
Division I
Opinion delivered March 25, 1992

2

*Ray Burch* and *Jennifer Morris Horan*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The issue in this criminal case is whether the affidavit supporting a search warrant complied with the "totality of the circumstances" test of *Illinois* v. *Gates*, 462 U.S. 213 (1983). A jury found the appellant guilty of possession of a controlled substance with intent to deliver, a Class B felony, and possession of drug paraphernalia, a Class C felony. *See* Ark. Code Ann. §§ 5-64-401 and 5-64-403. He was sentenced to 23 years in the Arkansas Department of Correction and a fine of $15,000 on the drug delivery charge, and was sentenced to a five-year concurrent term and a $5,000 fine on the paraphernalia possession charge. For reversal, he contends the trial court erred in denying his motion to suppress evidence seized pursuant to a search warrant. He argues that the supporting affidavit was based on information given by informants and showed neither their knowledge concerning the alleged criminal activity or contraband nor their reliability. He claims the court further erred in failing to suppress his custodial statement taken after the illegal search because it was "fruit of the poisonous tree" and was, therefore, inadmissible. We affirm.

The affidavit supporting the search warrant stated that information was obtained from two confidential informants and an identified informant, Roy McDonald. The first confidential informant identified the appellant "as bringing quantities of methamphetamine to Rogers and delivering it to a Claude Wayne Bickford, a/k/a Jake." The second confidential informant notified the affiant "that she had spoken with Claude Bickford by telephone at the residence of 702 North 22nd Place." Bickford had stated "that a shipment of methamphetamine would be arriving at that residence after dark this date, 5-8/9-89." Roy McDonald was said by the affiant to have been arrested for

possession of methamphetamine with intent to deliver. This informant stated that the appellant "would be coming from Springfield, Missouri, tonight (5-8-89) to meet with Jake Bickford at 702 North 22nd Place to deliver a quantity of methamphetamine." The affiant further stated that his own surveillance of that residence revealed a blue Pontiac Firebird, with a Missouri license; that upon leaving that residence at 12:30 a.m., it proceeded to the Hiway Host Inn; and that a subsequent check of the records at the Hiway Host Inn revealed that the appellant had just registered and was staying in room #138.

To establish the reliability of the informants, the affiant stated that the first confidential informant and Mr. McDonald had previously implicated another person who was subsequently arrested for having sold methamphetamine, and that the second confidential informant identified "Jake" Bickford as being a "major methamphetamine supplier" whose supplier was in Missouri. He also stated that the information was obtained independently from each informant, thereby corroborating each other's information; that both McDonald and the second confidential informant were admitted methamphetamine users; and that the information was corroborated by intelligence reports maintained by the Rogers Police Department. The magistrate found that there was reasonable cause to believe the search would discover the appellant, the controlled substances, and the paraphernalia in question.

The appellant contends that the affidavit inadequately shows the knowledge of each informant, due to their failure to name the appellant or the failure to provide the basis for their knowledge. Nevertheless, in applying the *Gates* test, reviewing the affidavit as a whole, the showing of knowledge is sufficient. The first confidential informant and Roy McDonald do identify the appellant as bringing methamphetamine to Jake Bickford; both McDonald and the second confidential informant identified the residence where the contraband was to be delivered, specified the delivery date, and that the contraband was coming from Missouri; and the second confidential informant stated that she had spoken with Bickford on the telephone that day about the delivery. The information given by the informants was substantially the same though independently given to the affiant, thereby corroborating each other's information.

Rather than relying solely on these tips, the affiant, through independent police work, confirmed the information. *See, Rainwater* v. *State*, 302 Ark. 492, 791 S.W.2d 688 (1990). Surveillance of the residence revealed a vehicle with a Missouri license plate, and a subsequent check of the records at the Hiway Host Inn revealed that the person who drove the car and checked into the motel was the appellant. This affidavit is not unlike the affidavits in *Watson* v. *State*, 291 Ark. 358, 724 S.W.2d 478 (1987), and *Brannon* v. *State*, 26 Ark. App. 149, 761 S.W.2d 947 (1988), in which the information of two confidential informants corroborated each other and was verified by police investigation. Both were found sufficient to comply with the *Gates* "totality of the circumstances" test.

The reliability of these informants was also established by the fact that though obtained independently, the information of each was corroborated by the other two. The affiant stated that the first confidential informant and McDonald previously identified another as selling methamphetamine who was subsequently arrested. The appellant contends this is meritless because the affidavit does not state that that individual was *convicted*; however, none of the cases he cites states that there must be a conviction, rather than a mere arrest or suspicion, to prove the previous reliability of a confidential informant. In *Jackson* v. *State*, 291 Ark. 98, 722 S.W.2d 831 (1987), the affidavit said simply "a reliable informant advised affiant . . .", which was found to be sufficient to establish reliability. Furthermore, in *Watson, supra*, it is stated that the informants' admission of a crime, possibly exposing themselves to prosecution, increased the likelihood of reliability. Here, both McDonald and the second confidential informant admitted to being users of methamphetamine which were statements against their interest and could cause them to be under suspicion.

In support of his argument, the appellant relies on *Aquilar* v. *Texas*, 378 U.S. 108 (1964) and *Spinelli* v. *United States*, 393 U.S. 410 (1969) as well as several cases which were decided before our Supreme Court adopted the "totality of the circumstances" test of *Illinois* v. *Gates, supra*, in *Thompson* v. *State*, 280 Ark. 265, 658 S.W.2d 350 (1983). The *Gates* decision provided a more flexible test to replace the two-pronged test of *Aquilar* and *Spinelli*. A "practical, common sense decision"

should be based on all the circumstances, including the veracity and basis for knowledge of persons supplying information. *Watson* v. *State, supra.*

He also relies on Ark. R. Crim. P. 13.1(b) which codified the stringent *Aquilar-Spinelli* test; however, that rule was amended by per curiam February 5, 1990, effective March 1, 1990, so as to reflect language consistent with *Gates*. Added to the rule is the following:

> An affidavit or testimony is sufficient if it describes circumstances establishing reasonable cause to believe that things subject to seizure will be found in a particular place. Failure of the affidavit or testimony to establish the veracity or basis of knowledge of persons providing information to the affiant shall not require that the application be denied, if the affidavit or testimony viewed as a whole, provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place.

*See Rainwater* v. *State, supra.*

It is the duty of the reviewing court to insure that the magistrate had a substantial basis for concluding that probable cause existed to issue the warrant. *Brannon* v. *State, supra.* There is no substantive distinction between the terms "reasonable cause" and "probable cause." *Id*; *see also*, Rule 13.1(d). Probable cause for a search warrant does not require an affiant to assert facts which establish conclusively or beyond a reasonable doubt that a violation of the law exists at the place to be searched. *Vanderkamp* v. *State*, 19 Ark. App. 361, 721 S.W.2d 680 (1986).

We hold that the corroboration of the three independent informants coupled with the confirmation of their information by police investigative work provided reasonable cause to believe that the appellant was involved in criminal activity and that the contraband would be found in his motel room and/or his automobile.

Having found a substantial basis for the magistrate to conclude there was probable cause to issue the search warrant, the appellant's next argument, i.e., that his custodial statement taken seven hours after the illegal search was inadmissible

because it was "fruit of the poisonous tree," is answered. Because the search was not illegal, and the admissibility of the statement was not challenged on any other ground, the trial judge correctly admitted it into evidence.

Affirmed.

DANIELSON and MAYFIELD, JJ., agree.