Preston R. FORD *v.* STATE of Arkansas

CR 78-55                                         569 S.W. 2d 105

Opinion delivered July 17, 1978
(In Banc)
[Amended on Denial of Rehearing September 5, 1978.]

*Mickey Buchanan,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Preston R. Ford was convicted in Little River County Circuit Court of the manufacture of marijuana and sentenced to seven years in prison. He alleges two errors on appeal, only one of which merits discussion. He alleges that the marijuana, admitted into evidence at trial over his objection, was taken from his field without a search warrant.

We note that appellant's statement of points to be relied upon is unduly lengthy, argumentative and in violation of Supreme Court Rule 9 (c). His second allegation of error contains three arguments of error including one regarding illegal evidence, another regarding failure of the court to direct a verdict, and a third questioning the giving of three instructions. We have examined the record and find no merit to any of these arguments. However, Ford's first allegation of error merits a more thorough discussion and examination.

The Little River County authorities admitted that they were aware for perhaps five days before the search and seizure that marijuana was growing in a field owned by Preston Ford and his father. The field was in a rural area and partially, if not completely, enclosed by a fence. According to Ford the property was posted on all sides and locked gates were in place to prevent entry. It may be that a portion of the fence was down in one area but that is irrelevant for purposes of our decision. It was undisputed that this was a rural field in cultivation and that no buildings or any other structures were located on the property. The authorities waited until they saw Ford on the property and then entered the property

by cutting a chain on a gate and cutting a wire enclosure and gathered some 360 plants of marijuana.

Ford argues that the search and seizure was in violation of his constitutional rights because it was unreasonable and there was no search warrant.

The trial court ruled, and we agree, that this search was not one protected by the United States Constitution but was a search of an "open field" and, therefore, permissible even without a warrant. *Bedell* v. *State,* 257 Ark. 895, 521 S.W. 2d 200 (1975). Ford argues that this field was enclosed, had no trespassing signs posted, had a locked gate, and, therefore, could not be entered without a search warrant.

The United States Constitution does not speak in terms of open or enclosed fields but rather says people have the right to be "secure in their persons, houses, papers and effects against unreasonable searches and seizures . . . . " Amend. 4, U.S. Const. This field, of course, was neither of the protected items described, nor was it an extension of any part of Ford or his home. We cannot see extending the words of the constitution to include this field as a protected item, place, or extension of a person even though it was fenced and entry could only be gained by climbing over a fence, cutting a fence or forcing a locked gate.

Affirmed.

HARRIS, C.J., and HOLT and HOWARD, JJ., dissent.