Charles Ray ANDERSON *v.* STATE of Arkansas

CA CR 84-25                                        679 S.W.2d 806

Court of Appeals of Arkansas
En Banc
Opinion delivered November 28, 1984
[Rehearing denied January 9, 1985.*]

*William C. McArthur,* for appellant.

*Steve Clark,* Att'y Gen., by: *Velda West Vanderbilt,* Asst. Att'y Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant raises two

---

*COOPER and MAYFIELD, JJ., would grant rehearing.

points for reversal on this appeal of his conviction on the misdemeanor charge of possession of marijuana. We reverse on the first point and remand for further proceedings not inconsistent with this opinion.

At about 2:00 a.m. on April 13, 1983, an officer of the Stuttgart Police Department appeared before the circuit judge to obtain a search warrant for appellant's house and vehicle. After hearing oral testimony, which was not recorded, the judge issued a warrant. Police officers entered appellant's residence at about 2:30 a.m. and seized marijuana and various items described as drug paraphernalia.

Appellant admitted that the marijuana was his. He was charged with several crimes but all were subsequently dismissed except for possession of marijuana with intent to deliver. Before the trial, appellant filed a motion to suppress the evidence seized on the basis of a lack of probable cause and a faulty warrant. The State agreed to suppress all evidence seized from appellant's vehicle, but the court denied the motion with respect to items seized from the house. A jury found appellant guilty of possession of marijuana, a misdemeanor, and sentenced him to one year in prison and imposed a one thousand dollar fine.

In his first point for reversal, appellant contends that the trial court erred in denying his motion to suppress the evidence because the warrant was improperly and illegally authorized. The record of the hearing reveals that (1) the testimony of the officer requesting the warrant was not recorded and no affidavit was prepared; (2) although the issuing judge recalled an oath having been administered, the officer himself stated that he had not been sworn.

Rule 13.1(b) of the Arkansas Rules of Criminal Procedure requires that:

> The application for a search warrant shall describe with particularity the persons or places to be searched and the persons or things to be seized, and shall be supported by *one (1) or more affidavits or recorded testimony under oath before a judicial officer* par-

ticularly setting forth the facts and circumstances tending to show that such persons or things are in the places, or the things are in possession of the person, to be searched. If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained. [Emphasis added.]

In the present case neither an affidavit nor recorded testimony under oath was taken.

The Arkansas Supreme Court held in *Lunsford* v. *State*, 262 Ark. 1, 552 S.W.2d 646 (1977), that the State bears the burden of establishing that a search warrant relied upon by it was issued in compliance with the law by producing the required written evidence considered by the issuing magistrate to establish probable cause. The court went on to say that it regarded the "failure to record the testimony on which a search warrant is issued to be a substantial violation of proper safeguards in procedures for obtaining a search warrant." Hence, said the court, a motion to suppress the evidence seized should have been granted when the record was silent as to whether the facts recited to a municipal judge by a sheriff concerning the concealment of marijuana in a mobile home were "recorded testimony under oath" as required by Rule 13.1(b).

The facts in the instant case necessitate reversal under the provisions of Rule 13.1(b) and under the *Lunsford* decision. The lack of compliance with the requirement of either an affidavit or recorded testimony under oath is fatal to the sufficiency of the warrant under Rule 13.1(b).

Regarding appellant's second point for reversal, we find no error. Appellant argues that the trial court erred in admitting into evidence items allegedly used as drug paraphernalia. The record reflects, however, that the items in question were relevant to the crime with which appellant was charged and therefore admissible under Rule 402, Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001 (Repl.

1979). Whether evidence is relevant is a matter addressed to the sound discretion of the trial court, and, absent an abuse of that discretion by the lower court, the Court of Appeals will not disturb its ruling. *Pruitt* v. *State*, 8 Ark. App. 350, 652 S.W.2d 51 (1983). We find no abuse of discretion here. A police officer, who had established his familiarity with the subject matter, explained the use of each article of paraphernalia as it was introduced into evidence. Such testimony concerning the items enabled the trial court to view the paraphernalia as relevant within the terms of URE Rule 401: "[E]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The judgment is reversed and the cause remanded.

MAYFIELD and COOPER, JJ., dissent.

CRACRAFT, C.J., concurs.

GEORGE K. CRACRAFT, Judge, concurring. I fully agree that the rule announced in *Leon* and *Sheppard* was long past due and that the effect those decisions will have on our law should be determined by the Arkansas Supreme Court. I do not agree that this case is a proper one for that determination. Had I thought so I would have joined in the dissent and urged that this case be decided by the Supreme Court.

The good faith of the police officer serving the warrant in this case was never an issue in the trial court. Although *Leon* and *Sheppard* were handed down after the briefs had been filed in this case we were not asked to consider them by supplemental letter brief or otherwise. The issue was injected into the case *sua sponte* in our conference of the case. Appellate courts do not ordinarily reverse on issues neither raised below nor briefed and argued.

More importantly, I do not agree that *Lunsford* was decided on the basis of federally declared minimum standards which have now been raised. A.R.Cr.P. Rule 13.1(b)

requires that where a search warrant is issued on sworn testimony that testimony must be recorded. Rule 16.2 provides the manner in which the issue of the legality of the warrant may be raised and Rule 16.2(e) provides that the court shall suppress evidence obtained under a defective warrant where the violation is substantial. *Lunsford* held that failure to record the sworn testimony on which the warrant was issued was a substantial violation warranting suppression. Although *Russ* v. *City of Camden,* was cited in the *Lunsford* opinion it was not necessarily the basis for the holding. *Russ* was decided in 1974 under a now superseded statute in the light of then existing federal minimum constitutional standards as required by *Mapp* v. *Ohio,* 367 U.S. 643 (1961). Its holding was codified when our Rules of Criminal Procedure were promulgated two years later.

For that reason I do not think a mere departure from *Lunsford* would be enough. In my opinion our court can only adopt the present relaxed constitutional requirements by amending our own procedural rules to provide an exception for "good faith" on the part of the officer serving a warrant which was issued in substantial violation of our rules. Rule 16.2(e) does not now contain such an exception and calls for suppression when the warrant itself is substantially defective. Furthermore, in my opinion such an amendment should not be made to apply retroactively.

MELVIN MAYFIELD, Judge, dissenting. Under Rule 29(4) (b) of the Rules of the Arkansas Supreme Court and Court of Appeals, we may certify to the Supreme Court any case filed in this court if it involves an issue of significant public interest. I do not agree with the majority decision because it does not acknowledge that this case involves such an issue and should be certified to the Supreme Court for decision.

After the briefs had been filed in this case, the Supreme Court of the United States decided the cases of *United States* v. *Leon,* ___ U.S. ___ , 104 Sup. Ct. 3405, 82 L. Ed. 2d 677 (1984), and *Massachusetts* v. *Sheppard,* ___ U.S. ___ , 104 Sup. Ct. 3424, 82 L. Ed. 2d 737 (1984). *Leon* reversed a 70-year-old rule that excluded from introduction in federal

court evidence obtained in violation of the Fourth Amendment of the Constitution of the United States, *Weeks* v. *United States,* 232 U.S. 383 (1914); and *Sheppard* reversed that same rule which *Mapp* v. *Ohio,* 367 U.S. 643 (1961), through the application of the Fourteenth Amendment, had required in state courts for 23 years. The decisions in *Leon* and *Sheppard* were widely reported by the news media as well as in the literature. In Arkansas, the story was on the front pages of both the *Arkansas Gazette* and the *Arkansas Democrat* on July 6, 1984.

In *Leon* the Court said that "the Fourteenth Amendment contains no provision expressly precluding the use of evidence obtained in violation of its commands," and that the exclusionary rule was "a judicially created remedy designed to safeguard Fourth Amendment rights through its deterrent effect." The Court noted that "the substantial social costs exacted by the exclusionary rule for the vindication of the Fourth Amendment rights have long been a source of concern," and that "an objectionable consequence of this interference with the criminal justice system's truth-finding function is that some guilty defendants may go free or receive reduced sentences as a result of favorable plea bargains." The court concluded that "when law enforcement officers have acted in objective good faith or their transgressions have been minor, the magnitude of the benefit conferred on such guilty defendants offends basic concepts of the criminal justice system."

In *Sheppard* the Court applied this "good faith" rule to a case tried in a state court. The trial judge had held that a search warrant failed to conform to the commands of the Fourth Amendment because it did not particularly describe the items to be seized, but he ruled that the items actually seized could be admitted into evidence, notwithstanding the defect in the warrant, since the police had acted in good faith in executing what they reasonably thought was a valid warrant. The United States Supreme Court agreed in these words:

> In sum, the police conduct in this case clearly was objectively reasonable and largely error-free. An error

of constitutional dimensions may have been committed with respect to the issuance of the warrant, but it was the judge, not the police officers, who made the critical mistake. "[T]he exclusionary rule was adopted to deter unlawful searches by police, not to punish the errors of magistrates and judges." *Illinois* v. *Gates*, 462 U.S. ___, ___ (1983) (WHITE, J., concurring in the judgment). Supressing evidence because the judge failed to make all the necessary clerical corrections despite his assurances that such changes would be made will not serve the deterrent function that the exclusionary rule was designed to achieve. Accordingly, federal law does not require the exclusion of the disputed evidence in this case.

The majority opinion in the instant case has reversed the conviction of a defendant whom the jury has found guilty. The reversal is based upon the Arkansas Supreme Court decision of *Lunsford* v. *State*, 262 Ark. 1, 552 S.W.2d 646 (1977). In that case, as in this case, the testimony of the officer was not recorded.[1] *Lunsford*, however, relied upon *Russ* v. *City of Camden*, 256 Ark. 214, 506 S.W.2d 529 (1974), in holding that the state must produce "the written evidence relied upon by the issuing magistrate as establishing probable cause," and *Russ* relied upon *Mapp* v. *Ohio* as authority for its holding. Since the United States Supreme Court has now reversed the rule it laid down in *Mapp* v. *Ohio*, the Arkansas Supreme Court may well want to reverse the rule it made in *Russ* and *Lunsford*. This is certainly not an unreasonable suggestion because before *Mapp* v. *Ohio* made the same rule applicable to state courts that *Weeks* v. *United States* had made applicable to federal courts, the Arkansas Supreme Court had said:

> It has long been the settled rule that state courts are not bound by the rules of procedure in federal courts on

---

[1]The majority opinion in this case is somewhat misleading in saying that the officer "stated that he had not been sworn." The truth of the matter is that the officer also said he could not truthfully answer whether he was sworn or not "due to the length in time and all the things that were going on at the time," but that he did recall giving the judge a statement concerning the issuance of the search warrant and that the judge asked him some questions "in regard to sworn testimony."

the question of the competency or incompetency of evidence. For example, federal courts hold evidence obtained through an illegal search warrant, or without a search warrant, inadmissible, while this court has always held such testimony competent and admissible. We think this announced rule on the admissibility of evidence in search and seizure cases, which has always been followed in this state, should and does apply in the instant case.

*State* v. *Browning,* 206 Ark. 791, 794, 178 S.W.2d 77 (1944).

Moreover, Rule 16.2(e) of our Rules of Criminal Procedure provides that "a motion to suppress evidence shall be granted only if the court finds that the violation upon which it is based was substantial, or if otherwise required by the Constitution of the United States or of this state." The rule then sets out criteria that the court shall use in determining whether a violation is substantial. One consideration specifically listed is "the extent to which the violation was willful," and collectively the criteria do not appear to conflict in spirit or letter with the decisions of *Leon* and *Sheppard.* It, therefore, seems to me that our Supreme Court should be given the opportunity to decide whether in the light of these recent cases the old exclusionary rule should still be applied in a case where the officer executing the warrant acted in "good faith." Surely that is an issue of significant public interest.

However, before I would certify this matter to the Supreme Court, I would remand it to the trial court for that court to conduct a hearing to determine whether under the criteria set out in our Criminal Procedure Rule 16.2, as viewed in the light of *Leon* and *Sheppard,* the motion to suppress should be granted. There seems to be no constitutional problem with doing this, *see United States* v. *Sager,* 743 F.2d 1261 (8th Cir. 1984), and this is the procedure followed by the Arkansas Supreme Court in *Jackson* v. *State,* 271 Ark. 71, 607 S.W.2d 371 (1980), when the United States Supreme Court decided the case of *Payton* v. *New York,* 445 U.S. 573 (1980), after the briefs had been filed in the *Jackson* appeal. *Payton* had held that absent exigent circumstances,

a warrantless, nonconsensual entry into a defendant's home to make a routine felony arrest was constitutionally invalid and, although the defendant had to stand trial, the exclusionary rule prohibited introduction of any evidence seized pursuant to the invalid arrest. In *Jackson* the Arkansas Supreme Court remanded for an evidentiary hearing to determine if exigent circumstances had existed when the arrest was made in that case.

A remand of the instant case would accomplish three things. First, after conducting an evidentiary hearing to the extent the trial court finds necessary, that court could make a new finding on the motion to suppress as I have already discussed. Second, the attorneys representing the parties could participate in the hearing and, after the trial court's finding is filed in this court, they could file supplemental briefs in this case on appeal. Third, under the recent case of *Bliss* v. *State,* 282 Ark. 315, 668 S.W.2d 936 (1984), decided after the appellant's brief had been filed in the case now before us, the court held that a trial judge must recuse on a hearing where he is required to rule upon the validity of a search warrant which he issued. That case holds this must be done even though no request to disqualify is made, and also holds that no objection to the failure to disqualify is necessary. The merit of a remand to comply with the rule in *Bliss* is clear in this case where the judge needs to be, and in fact was, a witness to the circumstances surrounding the issuance of the warrant.

After the trial court's findings have been made and filed in this court, I would then certify the case to the Arkansas Supreme Court as a case of significant public interest under Rule 29(4) (b).

I do want to address one argument made by the state that is not addressed by the majority opinion. As I understand the point, the state contends that even if the motion to suppress were granted, there would still be sufficient evidence in the record to convict the appellant of the misdemeanor crime of possession of a controlled substance since the crime was committed in Officer Jerry Ridgell's presence when the appellant made a sale of marijuana to Dwight Hood. The

trouble is that Ridgell's testimony to that effect was given in the suppression hearing but not in the trial of the case before the jury.

I am authorized to state that Judge Cooper joins in this dissent.