## Douglas TOLAND v. STATE of Arkansas

CR 84-213                                    688 S.W.2d 718

Supreme Court of Arkansas
Opinion delivered April 22, 1985
[Rehearing denied May 28, 1985.]

*John W. Achor* and *Jeff Rosenzweig,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint Miller,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was convicted of possession of marijuana with intent to deliver [Ark. Stat. Ann. § 81-2617(a)(1)(iv) (Supp. 1983)] and of aggravated assault [Ark. Stat. Ann. § 41-1604 (Repl. 1977)]. He was sentenced to 10 years for possession and four years for

aggravated assault. Sentences were ordered to run consecutively. On appeal appellant argues: (1) that the court erred in refusing to suppress evidence; (2) that the trial court erred in refusing to order the state to identify the confidential informant; and (3) that the conviction for possession is a misdemeanor rather than a felony. We do not find that the court committed prejudicial error for the reasons set out in the opinion.

The appellant and his wife, Lisa Toland, were arrested and charged with possession of a controlled substance with intent to deliver. They were also charged with aggravated assault as a result of placing a shotgun "booby-trap" in a field near their marijuana patch. A motion to suppress contested the validity of the descriptions and directions on the search warrant and the identity of a confidential informant. During the omnibus hearing the court ordered the confidential informant's identity be disclosed to appellant's wife. Thereupon, the state dismissed the charges against Mrs. Toland.

Officer Jenkins received a tip from a confidential informant that the appellant was involved in the marijuana business. He obtained the use of an airplane and flew over appellant's property. He stated he saw marijuana growing in an open field about 100 feet behind appellant's house. The officer and the unidentified informant drove to the vicinity of appellant's property. They did not stop or go onto the property but the informant pointed out the house and land to the officer. So far as the record shows, this was the first and last information obtained from this informant. Officer Jenkins appeared before a magistrate and swore to an affidavit to obtain a warrant. Without setting out the facts in detail, it suffices to state that the directions on the warrant were impossible to follow and the information obtained from the unidentified informant was not even alleged to be reliable. For reasons to be stated below this improper procedure does not affect the result of this case.

I

THE COURT ERRED IN REFUSING TO SUP-

PRESS EVIDENCE.

For the purposes of this opinion it is stated that the directions given on the warrant in this case were absolutely defective. No person could have followed the directions and ended up at the site where the search was supposed to have been conducted. So far as the record is concerned the informant furnishing the original information to Officer Jenkins was not proven dependable. There is however no rule, statute, or other procedure which prevents officers from following through and investigating any information received by them whether by confidential informant or otherwise. In the present case Officer Jenkins did not rely solely on the informant's tip nor did he need the directions given on the warrant. He personally confirmed the information given by the informant and drove to appellant's property on the ground and flew over it in the air. Under the totality of the circumstances test stated in *Thompson* v. *State*, 280 Ark. 265, 658 S.W.2d 350 (1983), we have no hesitancy in affirming the trial judge's refusal to suppress the evidence received as a result of this search and seizure. This search could also be upheld under the "good faith" exception to defects in search warrants as stated in *United States* v. *Leon*, 104 S. Ct. 3405 (1984). Officer Jenkins was obviously acting in good faith although the warrant he used was defective. The "good faith" spoken of in *Leon* was an instance wherein the information supporting the warrant was on the wrong form. In the present case the officer executing the warrant knew exactly where he was going and what he was looking for. The results would have been the same had the information and directions in the affidavit and on the warrant been completely accurate. The appellant probably had no reasonable expectation of privacy concerning his outdoor marijuana farming operation. *Oliver* v. *United States*, 104 S.Ct. 1735 (1984); *Ford* v. *State*, 264 Ark. 141, 569 S.W.2d 105 (1978), *cert. denied*, 441 U.S. 947 (1979). Had Officer Jenkins not personally had the necessary information then it could have been argued that he was not acting in "good faith."

## II

THE TRIAL COURT ERRED IN REFUSING TO

ORDER THE STATE TO IDENTIFY THE CONFI-
DENTIAL INFORMANT.

We agree with the trial court that it was not necessary to reveal the identity of the confidential informant because appellant was charged merely with "possession." *Jackson* v. *State*, 283 Ark. 301, 675 S.W.2d 820 (1984).

### III

### THE CONVICTION FOR POSSESSION IS A MIS-DEMEANOR RATHER THAN A FELONY.

Appellant's third contention for reversal is that a violation of Ark. Stat. Ann. § 82-2617(a)(1)(iv) (Supp. 1983) is a misdemeanor. We do not find in the abstract or record that this argument was presented to the trial court. Therefore, it cannot be raised for the first time on appeal. *Wright* v. *State*, 270 Ark. 78, 603 S.W.2d 408 (1980). This argument will be decided very shortly in another case.

Affirmed.