STATE of Arkansas *v.* Charles Ray ANDERSON, Jr.

CR 84-215 688 S.W.2d 947

Supreme Court of Arkansas
Opinion delivered May 13, 1985

*Steve Clark*, Att'y Gen., by: *Velda West Vanderbilt*, Asst. Att'y Gen., for petitioner.

*William C. McArthur*, for respondent.

STEELE HAYS, Justice. This case comes to us on a petition to review a decision of the Court of Appeals because a legal principle of major importance, the changing law of search and seizure, is

involved. The Court of Appeals reversed the trial court and the state petitioned for review. We affirm the Court of Appeals.

Officer Jerry Ridgell, Stuttgart Police Department, appeared before the circuit judge at approximately 2:00 a.m. on the morning of April 13, 1983 to obtain a warrant to search the home of Charles Ray Anderson, Jr., the respondent here, where Ridgell had observed a drug sale the afternoon of April 12. Oral testimony was taken and a warrant issued for the residence. At 2:30 a.m. officers arrested Anderson, searched his home and vehicle, and seized marijuana and other items. Anderson admitted the marijuana was his. He was charged with several crimes but all were subsequently dismissed except for possession of marijuana with intent to deliver. Anderson filed a motion to suppress and the state agreed to suppress evidence seized from the vehicle and the motion to suppress the items seized from the house was denied. Anderson was tried and the jury returned a verdict of guilty for possession of marijuana, a misdemeanor, and imposed a sentence of one year in jail and a $1,000 fine.

■■ Two assignments of error were argued to the Court of Appeals, first, the drug paraphernalia should not have been admitted over an objection to its relevance. The Court of Appeals rejected this contention and we are in agreement. The items introduced included a medicine kit with syringes, scalpel trays, pipes, glass tubes, hemostats, scales and similar items. The Court of Appeals said:

> The record reflects, however, that the items in question were relevant to the crime with which appellant was charged and therefore admissible under Unif. R. Evid. 402. Whether evidence is relevant is a matter addressed to the sound discretion of the trial court, and, absent an abuse of that discretion by the lower court, the Court of Appeals will not disturb its ruling. (Cite omitted). We find no abuse of discretion here. A police officer, who had established his familiarity with the subject matter explained the use of each article of paraphernalia as it was introduced into evidence. Such testimony concerning the items enabled the trial court to view the paraphernalia as relevant within the terms of Rule 401. *Anderson v. State*, 13 Ark. App. 68, 679 S.W.2d 806 (1984).

■ Second, Anderson contends the warrant was improperly and illegally authorized. Anderson makes three points in challenging the legality of the search warrant, including the lack of an affidavit or recorded testimony in support of the warrant. A.R.Cr.P. 13.1(b) requires one or more affidavits *or* recorded testimony under oath before a search warrant may be issued. When Officer Ridgell appeared before the circuit judge to secure the warrant, his testimony was not recorded and there was no affidavit. Citing *Lunsford* v. *State*, 262 Ark. 1, 552 S.W.2d 646 (1977), the Court of Appeals reversed because of this omission. In *Lunsford*, the court found the lack of an affidavit or recorded testimony under oath as required by Rule 13.1(b) to be fatal to the sufficiency of the warrant. On this issue we granted a petition for review to consider the decision in light of two recent United States Supreme Court holdings involving search and seizure questions, *U.S.* v. *Leon*, ___ U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) and *Massachusetts* v. *Sheppard*, ___ U.S. ___, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984).

*Leon* holds "objective good faith reliance" by a police officer upon the acceptance of his affidavit by a detached, neutral magistrate will avoid application of the exclusionary rule in the event the magistrate's assessment is found to be in error. Under this rationale the exclusionary rule is designed to deter misconduct on the part of the police rather than to punish errors of judges and magistrates, and admitting evidence seized pursuant to a defective warrant will not reduce incentives on the part of judicial officers to comply with the dictates of the Fourth Amendment. 104 S.Ct. 3418. *Massachusetts* v. *Sheppard, supra*, a companion case to *Leon*, applied the *Leon* rule to technical deficiencies in the warrant and found the officers had acted in objectively reasonable reliance on a warrant which was technically inadequate.

In *Leon*, the warrant was constitutionally infirm to support probable cause, but sufficient to cause disagreement among thoughtful and competent judges, and a reasonable, well-trained police officer could have believed probable cause existed, i.e. objectively reasonable good faith.

How far below the standard of probable cause or a constitutionally valid warrant the Supreme Court is willing to go and still find good faith on the part of the police, has been left open. Several states have not been ready to go beyond the narrow fact situation

set out in *Leon*. See *Adkins* v. *Texas*, 675 S.W.2d 604 (Tex. Crim. App. 1984); *Collins* v. *Florida*, 465 So. 2d 1266 (Fla. Dist. Ct. App. 1985); *Colorado* v. *Deitchman*, ___ Colo. ___, 695 P.2d 1146 (1985). Nor have we in two cases citing *Leon* dealt with deficiencies of constitutional or substantial proportions. *McFarland & Solst* v. *State*, 284 Ark. 533, 684 S.W.2d 233 (1985); *Lincoln* v. *State*, 285 Ark. 107, 685 S.W.2d 166 (1985). To date we have not read *Leon* any more broadly than finding its utility in easing the burden of the prosecution from technicalities or form which heretofore might have invalidated an otherwise constitutionally sufficient warrant and which was insufficient despite all reasonable efforts and reliance on the part of the police. How far beyond that we will apply *Leon* we have not said, nor is this the appropriate case.

The issue is whether the omission of a fundamental requirement in the procedure for a search warrant involved error of constitutional dimension or of a substantial nature under our own Rules of Criminal Procedure.

 A faulty warrant that is reasonably relied on by a police officer may not offer any deterrent potential and there may be, under the right circumstances, a sufficient basis under *Leon* not to exclude evidence obtained in such a search. However, this warrant was issued without the required affidavit or the recorded, sworn testimony. A.R.Cr.P. Rule 13.1(b); *Lunsford, supra*; and see, *Collins* v. *State*, 280 Ark. 453, 658 S.W.2d 877 (1983). Whereas probable cause and technical deficiencies in a warrant go to reasonable grounds to support a search, the requirements of the affidavit or recorded testimony additionally go to basic procedural safeguards afforded the defendant. We view that particular section Rule 13.1 as a threshold requirement before we consider the question of good faith on the part of the police. Without some record the defendant is limited in his attack on the warrant and is without fair judicial determination of the legitimacy of the warrant. Neither could subsequent questions of good faith be objectively and fairly gauged in a suppression hearing or on review. "In order that the accused might have the opportunity to assail the validity of a warrant upon which the state seeks to justify a search and the affidavit upon which the warrant was based, the state has the burden or responsibility of producing the warrant and affidavit or to follow approved procedure for establishing their contents. This is necessary because the issuance of

the warrant is not an adversary proceeding and the accused may have never seen either the warrant or the affidavit, whose validity he may attack on a motion to suppress the evidence seized." *Schneider* v. *State*, 269 Ark. 245, 599 S.W.2d 730 (1980). The basis of Anderson's opportunity to attack the warrant is in question, precluding further objective inquiry. To consider the good faith of the officers in this context is inappropriate. Even so, if we were to frame this question within the good faith limitations of *Leon*, we would reach the same conclusion. The procedure of providing an affidavit when obtaining search warrants is so standard a practice that we cannot consider such a deficiency as falling within the purview of good faith error. When we adopted the Rules of Criminal Procedure it was hoped we were providing a concise, correct set of rules governing searches, seizures, which would in general set forth the procedural aspects of criminal law. The rules should be common knowledge to law enforcement officers and judicial officers who have the duty and responsibility to authorize searches. The forms and procedure are not complex and compliance will save everyone concerned a good deal of time, money and sometimes, anguish. *Harris* v. *State*, 264 Ark. 391, 572 S.W.2d 389 (1978). And see, *Adkins, supra*; *Collins, supra*.

Prior to the adoption of the Arkansas Rules of Criminal Procedure, the written requirement was not mandatory, although we recognized that such requirement was so common that most text writers stated a written affidavit was required as a general rule. *Tygart* v. *State*, 248 Ark. 125, 451 S.W.2d 225 (1970). We also found it to be the preferred procedure. "There can be no question as to the better procedure. . . . Time erases the availability of witnesses and the memory of those witnesses still available, particularly in the instances of the many belated petitions in criminal cases. On the other hand, it is not for us to insert the provision into the law." *Tygart* at 131.

With Act 123 of 1971 a written affidavit did become required, see *Shinsky* v. *State*, 250 Ark. 615, 466 S.W.2d 909 (1971) and that provision was incorporated into the Arkansas Rules of Criminal Procedure adopted in 1976. In view of the substantial nature of that requirement and its legislative sanction we believe it cannot be disregarded or found within any good faith exception.

As we find the warrant deficient on this point, it is unneces-

sary to address the other points raised by the appellant.

We affirm the decision of the Court of Appeals.