James Welton "Spike" JACKSON *v.* STATE of Arkansas

CR 86-167                                               722 S.W.2d 831

Supreme Court of Arkansas
Opinion delivered January 26, 1987

*Clint Huey*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant appeals from a conviction for possession of a controlled substance. On motion, the Court of Appeals certified the case to this Court pursuant to Rule 29(4)(b) of the Rules of the Supreme Court and Court of Appeals. We affirm the judgment of conviction.

Appellant sets out three points of appeal, and the appellee reorganizes them into two, but there is really only one issue, whether the admission of evidence, obtained with a search warrant, was proper.

A deputy sheriff went before the issuing magistrate and executed an affidavit for a search warrant, and, in addition, he and a confidential informer gave sworn oral testimony which was recorded by the magistrate. The state later refused to disclose to appellant the recorded testimony because the prosecutor did not want to reveal the name of the informant.

A.R.Cr.P. Rule 13.1(c) requires recordation of such oral testimony. The purposes of such a rule are to facilitate subsequent review for the existence of probable cause and to avoid the possibility of justification for a search becoming based upon facts or evidence discovered in the course of execution of the warrant, and, in the event the probable cause is based upon hearsay, explaining the reliability of the informant. These consid-

erations are particularly appropriate for the review of ex parte proceedings involving the valued right of privacy. They also serve to minimize the necessity of calling issuing magistrates to prove what can easily be documented. *State* v. *Russell*, 293 Or. 469, 650 P.2d 79 (1982); 2 W. LaFave, *Search and Seizure* § 4.3(b) (1978). Because the state refused to disclose the recorded oral testimony, the very purposes of the rule were defeated, and we will not consider that testimony in deciding this case. The sufficiency of the application for the search warrant must be decided solely on the basis of the written affidavit.

The written affidavit is deficient. A.R.Cr.P. Rule 13.1(b), in part, provides:

> If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness *shall set forth particular facts bearing on the informant's reliability* and shall disclose, as far as practicable, the means by which the information was obtained.

On the issue of the reliability of the informant, the affidavit only provided:

> *Reliable informant advised affiant* that he gave another boy $20.00 to get him some marijuana and watched him go to Spike Jackson's house. When he came out he have him a bag of green leafy sub. and he returned this bag to me.

The affidavit did not provide the issuing magistrate any particular facts bearing on the informant's reliability as required by Rule 13.1(b). The conclusory language "reliable informant" is not sufficient to satisfy the particular facts requirement. *See State* v. *Bradbury*, 269 Ark. 215, 599 S.W.2d 721 (1980).

The state contends that, even though the affidavit is deficient, we should apply the good faith exception to the exclusionary rule enunciated in *United States* v. *Leon*, ___ U.S. ___, 104 S.Ct. 3405 (1984) and adopted by this court in *McFarland* v. *State*, 284 Ark. 533, 684 S.W.2d 233 (1985). *Leon* holds that objective good faith reliance by a police officer on a facially valid search warrant will avoid the application of the exclusionary rule in the event the magistrate's assessment of probable cause is found to be in error. Under this rationale the exclusionary rule is designed to deter misconduct on the part of

the police rather than to punish for errors on the part of magistrates, and admitting evidence seized pursuant to a defective warrant will not reduce incentives on the part of judicial officers to comply with the dictates of the Fourth Amendment. *State* v. *Anderson*, 286 Ark. 58, 688 S.W.2d 947 (1985). We have considered the application of the *Leon* doctrine in six cases.

In determining whether to apply the *Leon* rationale, we must be guided by our own A.R.Cr.P. Rule 16.2(e). *McFarland* v. *State*, 284 Ark. 533, 684 S.W.2d 233 (1985). That rule provides:

> (e) Determination. A motion to suppress evidence shall be granted only if the court finds that the violation upon which it is based was substantial, or if otherwise required by the Constitution of the United States or of this state. In determining whether a violation is substantial the court shall consider all the circumstances, including:
>
> (i) the importance of the particular interest violated;
>
> (ii) the extent of deviation from lawful conduct;
>
> (iii) the extent to which the violation was willful;
>
> (iv) the extent to which privacy was invaded;
>
> (v) the extent to which exclusion will tend to prevent violations of these rules;
>
> (vi) whether, but for the violation, such evidence would have been discovered; and
>
> (vii) the extent to which the violation prejudiced moving party's ability to support his motion, or to defend himself in proceedings in which such evidence is sought to be offered in evidence against him.

In interpreting our rule since *Leon* was decided, we have found the following three violations were substantial and we refused to apply the rationale:

> (1) There was no affidavit or recorded testimony in support of the warrant. *State* v. *Anderson*, 286 Ark. 58, 688

S.W.2d 947 (1985).

(2) The affidavit contained no indication whatsoever of the date the criminal activity was supposed to have been seen. *Herrington* v. *State*, 287 Ark. 228, 697 S.W.2d 899 (1985).

(3) The police did not act in good faith and the issuing magistrate wholly abandoned his judicial role. *Stewart* v. *State*, 289 Ark. 272, 711 S.W.2d 787 (1986).

On the other hand, we have found the three following violations to be only technical in nature, and applied the *Leon* doctrine:

(1) Failure to return the executed warrant to the issuing magistrate in violation of A.R.Cr.P. 13.4(b). *McFarland* v. *State*, 284 Ark. 533, 684 S.W.2d 233 (1985).

(2) Confidential informant affirmed that she had directly obtained contraband, when she should have affirmed that she obtained contraband from an intermediary, but such statement was not of significance in view of other details. *Lincoln* v. *State*, 285 Ark. 107, 685 S.W.2d 166 (1985).

(3) The confidential informant was not alleged to be reliable and the directions on the warrant were impossible to follow. *Toland* v. *State*, 285 Ark. 415, 688 S.W.2d 718 (1985). However, the reliability of the informant was not a primary issue, and the case was decided on other facts.

In *State* v. *Anderson, supra*, there was no affidavit or recorded testimony in support of the warrant. The Constitution of Arkansas requires an oath or affirmation before a search warrant may be issued. Article 2, Section 15. Here, there was an affidavit, and so, this case is clearly distinguishable from *State* v. *Anderson*, and we can apply the *Leon* good faith exception to the case before us. The officer who executed the warrant did act in good faith, in this case, and we apply the exception.

We recognize that some of the language in *State* v. *Anderson* provides that A.R.Cr.P. Rule 13.1 is a "threshold requirement before we consider the question of good faith on the part of the police." That language is overruled to the extent it conflicts with this opinion.

Affirmed.

PURTLE, J., dissents.

GLAZE, J., not participating.

JOHN I. PURTLE, Justice, dissenting. The majority opinion is an excellent statement of the law with the exception of its reliance on *Toland* v. *State*, 285 Ark. 415, 688 S.W.2d 718 (1985), and *McFarland* v. *State*, 284 Ark. 533, 684 S.W.2d 233 (1985) in affirming the present appeal. The majority misinterprets *Toland*, and *McFarland* is not on point. I believe that the case before us is controlled by *State* v. *Anderson*, 286 Ark. 58, 688 S.W.2d 947 (1985) which we held was controlled by the "good faith" exception established in *Leon.*

In *Anderson* there was no affidavit or recorded testimony to support the search warrant. The officer executing the search warrant was the same officer who applied for the warrant. He knew that there was no affidavit on file, therefore, he could not have been acting in good faith under the *Leon* doctrine. We stated in *Anderson*:

> *Leon* holds "objective good faith reliance" by a police officer upon the acceptance of affidavit by a detached, neutral magistrate will avoid application of the exclusionary rule in the event the magistrate's assessment is found to be in error. Under this rationale the exclusionary rule is designed to deter misconduct on the part of the police rather than to punish errors of judges and magistrates, and admitting evidence seized pursuant to a defective warrant will not reduce incentives on the part of judicial officers to comply with the dictates of the Fourth Amendment. 104 S.Ct. 3418. *Massachusetts* v. *Sheppard*, [104 S.Ct. 3424] a companion case to *Leon*, applied the *Leon* rule to technical deficiencies in the warrant and found the officers had acted in objectively reasonable reliance on a warrant which was technically inadequate.

The above quoted statement is a fair summary of the *Leon* opinion. However, we anchored the *Anderson* opinion upon the basic procedural safeguards afforded a defendant under the Arkansas Rules of Criminal Procedure. In *Anderson*, this Court stated: "We review that particular section [A.R.Cr.P.] Rule 13.1

as a threshold requirement before we consider the question of good faith on the part of the police." The pertinent part of the rule concerns the reliability of the information furnished by informants. If an affidavit for a search warrant is based upon hearsay the affiant or witness "shall set forth particular facts bearing upon the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained." A.R.Cr.P. Rule 13.1(b). No facts bearing on the reliability of the informant were contained in the affidavit in this case, neither were they presented to the magistrate. Therefore, the threshold requirement was not satisfied.

Neither the rule nor the law has changed since we decided *Anderson*. The affidavit in the case at bar is absolutely silent as to the particular facts bearing upon the reliability of the informant. The affidavit in this case stated: "Reliable informant advised affiant that he gave another boy $20.00 to get him some marijuana and watched him go to Spike Jackson's house. . . ." In fact neither boy was ever identified, thereby making it impossible for the appellant to investigate the informant's reliability. There were no reasons given why the informant should remain unknown.

The affiant in the present case was a deputy sheriff. There is no reason to believe that the officers who executed the search warrant did not know that the supporting affidavit must state facts bearing upon the informant's reliability. The warrant itself clearly reveals that it was based upon the hearsay information of a "confidential informant." Such information should have been a warning to the executing officers. There can be no "good faith" reliance by an officer on a warrant which he knows is invalid. This type of action does not come within the *Leon* "good faith" exception.

The result reached in the majority opinion is partially based on a misunderstanding of our decision in *Toland* v. *State, supra*. We upheld the warrant there under the totality of the circumstances test stated in *Thompson* v. *State*, 280 Ark. 265, 658 S.W.2d 350 (1983), and opined that the search could also have been upheld under the *Leon* rule. The decision in *Toland* is inapposite to the present appeal because the search warrant in that case was not based upon information furnished by an

informant. Toland had cultivated an outdoor patch of marijuana. The investigating officer was the affiant and his information was based upon his own personal knowledge. True, an informant furnished the officer information which was used in investigating the case. However, the reliability of the informant was no longer at issue after the officer confirmed, by land and air, that Toland was indeed growing marijuana.

In my opinion both *Anderson* and *Toland* were correctly decided. We have established a line of cases interpreting *Leon* and we should hold to those decisions. All of the reasons stated in the majority opinion require reversal.

The majority opinion effectively emasculates A.R.Cr.P. Rule 13.1(b) without any warning. The purpose of the rule is to provide built-in safeguards against unreasonable searches. The majority today holds that as long as the police are "acting in good faith," it is irrelevant whether the Arkansas Rules of Criminal Procedure have been complied with. The bench and bar of this state should be able to rely upon our own rules until they are prospectively changed. The rules should not be changed during the game.

I would reverse.