Louis WRAY *v.* STATE of Arkansas

CA CR 99-933                                    11 S.W.3d 9

Court of Appeals of Arkansas
Division IV
Opinion delivered February 23, 2000

*David W. Talley, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Louis Wray entered a negotiated plea of guilty to manufacture of methamphetamine, possession of marijuana with intent to deliver, and possession of drug paraphernalia on February 24, 1998. He appealed to this court, arguing that the trial court erred in failing to grant his motion to suppress items seized by law enforcement officers. However, in an unpublished opinion delivered on March 3, 1999, we dismissed his appeal for failure to comply with Rule 24.3(b) of the Arkansas Rules of Criminal Procedure, which provides the only avenue for an appeal from a guilty plea.

Following the dismissal, Mr. Wray filed a motion pursuant to Rule 26.1 to withdraw his guilty plea, and the trial court granted the motion. Thereafter, Mr. Wray again entered a negotiated plea of guilty to the crimes with which he was charged. This time, there was compliance with the provisions of Rule 24.3(b), and on May 11, 1999, a judgment and commitment order was filed sentencing Mr. Wray to ten years in prison with five years suspended. He now appeals from this order, again arguing that the trial court erred in refusing to suppress the incriminating evidence collected by the police. In particular, he contends that there was no probable cause to support the issuance of the search warrant that ordered a search of his property. We affirm.

In this case, the affidavit presented in support of the search warrant was prepared by Investigator Linda Law, and it stated:

The undersigned being duly sworn deposes and says: That he (has reason to believe) (is positive) that (on the person) (in the vehicle) and/or (on the premises known as) A residence located at the end of Union County Road 434. The residence is a travel trailer that is located next to a burned down house at this location.

in the City of El Dorado, County of Union, State of Arkansas, there is now being concealed certain property, or persons, namely:

Controlled substances, monies, drug paraphernalia, and any documentation concerning drug activities, stolen property and weapons.

which (is) (are)

in violation of the Arkansas Statute 5-64-401

and that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows:

On Sunday August 10, 1997 an informant for the Drug Task Force provided information that at the above described residence is a Methamphetamine Laboratory.

From this officers training and experience, it is common knowledge that those dealing and selling controlled substances carry weapons, including but not limited to firearms. It is also customary for those dealing and selling controlled substances to exchange those substances for weapons. Customarily, the weapons are located in close proximity to the controlled substances and on the persons inside the residence where controlled substances are sold. It is based on this training and experience the affiant includes the request to search and seize weapons which might be located in the residence.

It is also this officers knowledge that stolen property is often exchanged for controlled substances. It is not uncommon for stolen property to be found inside the residence where search warrants are conducted for violating the Arkansas Controlled Substance Act. Permission to search for stolen property is requested.

It is undisputed that the affidavit was given under oath.

In addition to the affidavit, the trial court relied on a recorded statement given by Investigator Law. Prior to this statement, an accompanying officer, Lieutenant Diffee, was placed under oath,

but Investigator Law was not. The substance of Investigator Law's verbal statement can be summarized as follows:

> Last night agents from the Camden office called me and Lt. Diffee and advised us that they had an informant who had been contacted by Louis Wray. He had red phosphorous and all the other chemicals and had the ephedrine soaking so he could cook up some meth and he was short some iodine, and they obtained the iodine or acid from somewhere. At 1:30 this morning the informant went to that residence and the way he described it, it is a dead end road, and we haven't been able to go down there, but it's on the very dead end on County Road 434 and there is one cab-over trailer and another like a travel trailer that is next to a burned-out house. We want to make sure that we get all the outer buildings and everything else on there and that is where the house is located. We had been listening to the informant since about 1:30 this morning, and they had been cooking meth all night. The final product is expected to be finished at about 7:00 or 7:30 this morning. I'm not sure if we're going to hit it then or prior to them finishing it. The task force officers have been listening to them all night. David Norwood and Terry Clark had been sitting in the woods all night listening to them, and we didn't go with them because the first time someone followed the truck, they would be hit and burned. We have already notified the DEA and they are on the way down.

Based on the representations made by Investigator Law in her affidavit and oral statement, the judge found reasonable cause to issue a search warrant, and the search resulted in the seizure of contraband.

Mr. Wray now argues that the search warrant was invalid and that his motion to suppress should have been granted. He cites Rule 13.1(b) of the Arkansas Rules of Criminal Procedure, which provides:

> The application for a search warrant shall describe with particularity the persons or places to be searched and the persons or things to be seized, and shall be supported by one (1) or more affidavits or recorded testimony under oath before a judicial officer particularly setting forth the facts and circumstances tending to show that such persons or things are in the places, or the things are in possession of the person, to be searched. If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained. An affidavit or testimony is sufficient if it describes

> circumstances establishing reasonable cause to believe that things subject to seizure will be found in a particular place. Failure of the affidavit or testimony to establish the veracity and bases of knowledge of person providing information to the affiant shall not require that the application be denied, if the affidavit or testimony viewed as a whole, provides a substantial basis for a finding of reasonable cause to believe that things subject to seizure will be found in a particular place.

Mr. Wray submits that, since the recorded statement by Investigator Law was not made under oath, it should not have been considered by the issuing judge. He further asserts that, absent the recorded statement, there was an insufficient basis upon which to issue the warrant. Mr. Wray points out that nothing in the affidavit sets forth any facts bearing on the reliability of the informant as required by Rule 13.1(b). Moreover, he contends that the affidavit speaks only in conclusory terms and fails to set forth the necessary facts to justify a search. Under these circumstances, Mr. Wray argues that the search was illegal and the incriminating fruits of the search should have been suppressed.

The State argues in its brief that the arguments now being raised are not preserved for review because they were not raised below. However, we disagree. Mr. Wray filed a motion to suppress and argued, "There was insufficient information presented to support the issuance of a search warrant." Moreover, in the trial judge's order denying the motion to suppress, the judge acknowledged that Mr. Wray was contending that the recorded statement was not made under oath. We think the arguments being addressed to this court were sufficiently raised below, and therefore we reach the merits of Mr. Wray's appeal.

█ On the merits, we hold that no error occurred in this case. The State concedes, and we acknowledge, that the recorded statement given by Investigator Law was not under oath as required by Rule 13.1(b). We further agree with Mr. Wray that the contents of the written affidavit, standing alone, failed to give the judge probable cause for issuing the warrant. However, we hold that the search was valid because the executing officers acted with an objective good-faith reliance upon the judge's issuance of the warrant, pursuant to the holding in *United States v. Leon*, 468 U.S. 897 (1984).

■■ In *Moya v. State*, 335 Ark. 193, 981 S.W.2d 521 (1998), our supreme court announced:

> Where there is neither a written affidavit nor sworn, recorded testimony in support of a search warrant, this court will not apply the good-faith exception to uphold the search warrant. Where, however, there is a written affidavit in support of the search warrant that later is ruled deficient, this court will go beyond the four corners of the affidavit and consider unrecorded oral testimony to determine whether the officers executing the search warrant did so in objective good-faith reliance on the judge's having found probable cause to issue the search warrant. Moreover, this court may also consider information known to the executing officers that may or may not have been communicated to the issuing judge.

*Id.* at 202, 981 S.W.2d at 525-26. In the case at bar, the sworn affidavit coupled with the recorded testimony demonstrated that the police executed the search in good-faith reliance on the judge's finding of probable cause. While the reliability of the informant was not established, the supreme court has applied the good-faith exception to the exclusionary rule under such circumstances. *See Jackson v. State*, 291 Ark. 98, 722 S.W.2d 831 (1987). In the instant case, the evidence established that Investigator Law was given particularized information regarding illegal activities being observed by a law enforcement officer over an extended period of time, and taken as a whole the information collected by Investigator Law established her good-faith reliance.

■ In reviewing a trial judge's ruling on a motion to suppress, the appellate court makes an independent determination based on the totality of the circumstances and reverses only if the ruling is clearly against the preponderance of the evidence. *State v. Mosley*, 313 Ark. 616, 856 S.W.2d 623 (1993). In this case, the trial judge applied the good-faith exception in denying Mr. Wray's motion to suppress, and its decision in this regard was not clearly against the preponderance of the evidence.

Affirmed.

STROUD and ROAF, JJ., agree.